UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DEAN VILLANTE,                                              :
                                                            :
                  Petitioner,                      :      MEMORANDUM & ORDER
                                                            :
                  -against-                       :      96-CV-2115 (CBA)
                                                            :
J. DEMESKI, Superintendent, Woodburne                       :
Correctional Facility,                                      :
                                                            :
                  Respondent.                     :
------------------------------------------------------------x
AMON, UNITED STATES DISTRICT JUDGE:

      Respondent has moved to dismiss petitioner's application for a writ of habeas corpus. For the reasons set forth below, the petition is dismissed.

I.     Procedural Background

      A.     State Court Proceedings

      On April 23, 1992, petitioner Dean Villante was convicted of second-degree robbery and third-degree robbery following a jury trial. He was sentenced to seven and one-half to fifteen years and three and one-half to seven years imprisonment, respectively, with both sentences to run concurrently. On direct appeal, Villante argued that the evidence was insufficient to convict. On May 2, 1994, the Appellate Division found the evidence to be sufficient and affirmed the conviction. People v. Villante, 611 N.Y.S.2d 569 (N.Y. App. Div. 1994). Leave to appeal to the New York Court of Appeals was denied on August 29, 1994. People v. Villante, 84 N.Y.2d 834 (N.Y. 1994). Villante filed his first § 440.10 motion to vacate the judgment, alleging certain Rosario materials were not turned over to him. On November 10, 1994, that motion was denied.

1

B.  District Court Proceedings

On January 30, 1996, Villante filed a *pro se* petition for habeas corpus pursuant to 28 U.S.C. § 2254 in the Southern District, which was subsequently transferred to the Eastern District to then District Court Judge Reena Raggi.  In the petition he claimed: (1) that the evidence at trial was insufficient to prove his guilt beyond a reasonable doubt; (2) that the prosecution failed to disclose exculpatory evidence; and (3) that his trial and appellate counsel were ineffective for failing to interview or call certain witnesses, not calling the defendant, and not introducing evidence to negate motive.  In response to respondent's arguments that the second and third claims were not exhausted, Villante withdrew those claims by letter dated February 20, 1997, stating that he "would like the court to just consider my point that my conviction was based on illegally insufficient evidence in violation of the due process clause of the federal constitution . . . ."  Judge Raggi referred the sufficiency claim to Magistrate Judge Arlene Lindsay for a report and recommendation.

In a letter to the Court dated April 14, 1997, Villante first raised his concern that he "still [did] not understand how [he could] be charged with three robberys [sic] stemming from one incident and be found guilty for [sic] the second and third [degree counts] and exonerated for [sic] the first [degree count]."  Magistrate Judge Lindsay replied on April 17, 1997, informing Villante that his habeas petition was under consideration and that a copy of the Court's report would be forwarded Villante when the Court had finished reviewing his petition.  By order dated September 9, 1997, Magistrate Judge Lindsay reported that the sufficiency claim was without merit and recommended that the petition be dismissed.  By letter dated September 30, 1997, Villante requested that the Court reconsider its decision denying his prior motion for

appointment of counsel and noted that he was "being found guilty twice for one crime. I was sentenced concurrently – I should have been found guilty of Rob 3 and received 3 ½-7 as opposed to Rob 2 7 ½-15." On January 5, 1999, Judge Raggi agreed with the Magistrate Judge and dismissed the sufficiency claim. With respect to the double jeopardy claim, Judge Raggi stated: "To the extent petitioner asserts a double jeopardy challenge to the two crimes of conviction, this argument, raised for the first time in the objections to the magistrate's report, was not exhausted in the state courts. Since it is conceivable that this claim could be heard in state court, federal review is inappropriate." The Court dismissed the petition and denied a certificate of appealability.

### C. Second Circuit Proceedings

Villante appealed the District Court's dismissal to the Court of Appeals for the Second Circuit, which granted a certificate of appealability limited to the issues of determining whether the unexhausted claim should be deemed exhausted because of procedural default, and if so, whether petitioner has shown cause for such procedural default. Before the Second Circuit, Villante argued that his double jeopardy claim should be deemed exhausted by reason of procedural default, but that his default was excused based on ineffective assistance of his counsel. On September 5, 2000, the Court of Appeals affirmed the District Court's dismissal of Villante's first habeas petition. Villante v. Demeski, 225 F.3d 647 (2d Cir. 2000) (table). The Court held that Villante's double jeopardy claim was exhausted by reason of procedural default, but that his default was not excused by good cause. The Court of Appeals noted that in order to base an argument of "good cause" on alleged ineffective assistance of counsel, a petitioner must have raised those ineffective assistance of counsel claims in state court. Villante failed to do so

3

and thus could not argue that "good cause" excused his default on the double jeopardy claim.

        D.      <u>Subsequent State Court Proceedings</u>

On September 25, 2000, Villante, proceeding *pro se*, filed an application for a writ of error *coram nobis* in the Appellate Division. He claimed that his appellate counsel was ineffective for failing to argue the double jeopardy issue and for failing to argue that his trial counsel was ineffective for not moving to dismiss the third-degree robbery count on that double jeopardy ground. On March 25, 2002, the Appellate Division denied the petition, holding that "[a]ppellate counsel's failure to raise the issue of double jeopardy cannot be considered ineffective assistance of counsel because the defendant failed to raise that claim prior to the entry of the judgment of conviction." <u>People v. Villante</u>, 739 N.Y.S.2d 604 (App. Div. 2002). Villante's application for leave to appeal to the New York Court of Appeals was denied on May 10, 2002. <u>People v. Villante</u>, 98 N.Y.2d 656 (N.Y. 2002).

On October 19, 2002, Villante moved for a second time under § 440.10 to vacate his judgment, arguing that his trial counsel was ineffective for failing to argue the double jeopardy issue. In a decision dated April 9, 2003, the Supreme Court, Queens County, denied Villante's motion, holding that it was mandatorily procedurally barred under § 440.10(2)(c) because the alleged omission on the part of the trial counsel was a matter of record and should have been advanced on direct appeal. Alternatively, the court held that Villante's substantive claim was meritless because "the single <u>de minimus</u> omission [of counsel] does not remotely call into question the competence of trial counsel, and much less raise even a colorable claim that his representation was ineffective under either the state or federal constitution." The court also stated that Villante suffered no prejudice as "the omission, if any, on the part of trial counsel was

4

of no consequence, particularly since the court in fact sentenced defendant in a lawful manner." On November 25, 2003, the Appellate Division denied Villante's request for leave to appeal.

E.	Current Federal Habeas Proceedings

On May 29, 2002 – after the denial of his application for a writ of error *coram nobis*, but before the filing of his second § 440 motion – Villante wrote to the Clerk of the Court of the Eastern District of New York requesting the "restoration" of his habeas petition and appointment of counsel. On June 6, 2002, the *pro se* writ clerk of the Court replied and explained that Villante would need to file a formal habeas petition and seek permission from the Court of Appeals before doing so. On June 4, 2002, Villante's counsel before the Court of Appeals, Robert Culp, wrote to Judge Raggi and Magistrate Judge Lindsay indicating that he understood that Villante had requested that he represent him in further proceedings before the Court and that he was available. Judge Raggi referred this application to Magistrate Judge Bloom, and a staff attorney responded indicating that no proceeding was pending before the Court because the Court of Appeals had not remanded the petition. Villante again wrote to the Court requesting that Mr. Culp be assigned as counsel on June 10, 2002 and on July 23, 2002. In the July letter, he also requested that the necessary forms be sent to him for reinstatement of his petition.

On August 15, 2002, Villante filed a *pro se* motion with this Court to reinstate his § 2254 petition so as to assert a new ground for relief, ineffective assistance of counsel. On March 10, 2003, the Court denied the application, reasoning that the petition had already been denied on the merits and holding that Villante's "motion challenging the judgment of conviction based on a new ground – the ineffective assistance of counsel – is construed as a second or successive petition." The Court thus transferred the case to the Court of Appeals.

On June 11, 2003, the Court of Appeals found that authorization for a second petition was unnecessary "as petitioner raises a claim which this Court found to be unexhausted in petitioner's appeal from the district court's denial of his first § 2254 petition," but noted that the petition "may be time-barred" under the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations. Villante v. Demeski, No. 03-3539 (2d Cir. June 11, 2003).[1]

Villante again moved to reinstate his petition on July 1, 2003. On August 22, 2003, this Court issued an Order to Show Cause directing the respondent to respond to the application to reinstate. In response, respondent cross-moved on October 3, 2003 to dismiss the complaint as untimely. By Order of October 17, 2004, this Court appointed Mr. Culp as counsel for Villante,

---

[1] This Court is puzzled by the Court of Appeals' determination, in its June 11, 2003 order, that authorization for a second petition was unnecessary. The Court, citing to Camarano v. Irvin, 98 F.3d 44, 45 (2d Cir. 1996), stated that "petitioner raises a claim which this Court found to be unexhausted in petitioner's appeal from the district court's denial of his first § 2254 petition." Villante v. Demeski, No. 03-3539 (2d Cir. June 11, 2003). Camarano held that, where a petition is dismissed "without prejudice for failure to exhaust state remedies," a subsequent petition is not a "second or successive" petition within the meaning of § 2244. 98 F.3d at 47. However, Camarano is inapposite. The first petition was not dismissed for failure to exhaust administrative remedies. Rather, the Court of Appeals, by concluding that the double jeopardy claim was procedurally barred, dismissed the appeal of the first habeas petition on the merits. See Turner v. Artuz, 262 F.3d 118, 122-23 (2nd Cir. 2001) (Camarano does not apply where certain claims were dismissed for procedural default, as such a determination "qualifies as an adjudication on the merits"). Indeed, as the Supreme Court recently explained in Burton v. Stewart, 549 U.S. ____, 127 S.Ct. 793 (2007) (per curiam), where a first petition was "not subject to dismissal as containing unexhausted claims . . . [but] was adjudicated on the merits," a later habeas petition is a "second or successive" habeas petition. Id., 127 S.Ct. at 798.

Furthermore, to the extent that the reference to an "unexhausted" claim refers to the ineffective assistance of counsel claim, Villante did not raise the ineffective assistance of counsel argument in his initial habeas petition. Rather, he raised it for the first time on appeal only to explain his procedural default. Thus, the current habeas petition, raising ineffective assistance of counsel for the first time, appears to be a second or successive habeas petition. See id. at 797-98 (where a petitioner did not raise relevant claims in an earlier petition, a later petition raising those claims is a second or successive petition).

and by Order of February 25, 2004, this Court granted Villante's motion "without prejudice to respondent to argue that it is untimely." Villante opposed the cross-motion on timeliness grounds on March 12, 2004. By Order of June 25, 2004, this Court ordered respondent to brief the merits of the petition as well. On September 7, 2004, respondent filed an opposition to the reinstated petition on the merits. Villante replied on November 12, 2004.

II.     Timeliness

Villante's conviction became final on November 27, 1994, ninety days after the New York State Court of Appeals denied his application for leave to appeal, when his time to seek a writ of certiorari from the United States Supreme Court expired. See Lawrence v. Florida, 549 U.S. ____, 127 S.Ct. 1079, 1084-85 (2007). However, because this date was prior to the enactment of AEDPA, Villante had one year from April 24, 1996, AEDPA's effective date, in which to file a petition for a writ of habeas corpus with this Court. See Ross v. Artuz, 150 F.3d 97, 102-103 (2d Cir. 1998). The present motion was filed at the earliest on May 29, 2002 and is thus untimely.[2] Villante argues that the present motion should be construed as a continuation of his first petition, which was filed on January 30, 1996 and was thus timely. This Court disagrees.

A district court may not address claims in a petition for habeas corpus under § 2254 if those claims have not been exhausted. Accordingly, prior to the enactment of AEDPA, the Supreme Court held that when a petitioner presents a federal habeas court with a petition containing exhausted and unexhausted claims (a "mixed petition"), the Court must either deny the entire petition without prejudice to the petitioner's refiling it once the unexhausted claims are

---

[2] Villante first wrote to the Clerk of the Court seeking reinstatement of his petition on May 29, 2002. He did not file a formal motion until August 15, 2002. However, if considered a new petition, even the May letter is untimely. Thus, the date used is immaterial.

exhausted, or with the petitioner's approval, dismiss the unexhausted claims and address the exhausted claims on the merits. See, e.g., Rose v. Lundy, 455 U.S. 509 (1982). However, in Rhines v. Weber, the Supreme Court recognized that "[a]s a result of the interplay between AEDPA's 1-year statute of limitations and Lundy's dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims." 544 U.S. 269, 276-78 (2005). Accordingly, the Supreme Court held that a court faced with a "mixed petition" may, in limited circumstances, stay the proceedings on exhausted claims while the petitioner returns to state court to exhaust an unexhausted claim. Id. at 276-78 (citing 28 U.S.C. § 2254(b)(2)). However, the court must determine that "there was good cause for the petitioner's failure to exhaust his claims first in state court" and must "place reasonable time limits on a petitioner's trip to state court and back." Id. When this "stay and abeyance" procedure is inappropriate, "the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." Id.

In this case, Villante's first petition for habeas corpus was dismissed before the Supreme Court's decision in Rhines or the Court of Appeals' earlier decision in Zarvela v. Artuz, 254 F.3d 374 (2d Cir. 2001), in which it endorsed the stay and abeyance procedure. However, in Zarvela, the Court of Appeals noted that a petitioner whose mixed petition had been dismissed is "entitled to have his petition treated *as if it had been stayed*, provided his entry to the state courts and his return occurred promptly." Id. at 382-83 (emphasis added). Thus, Villante asks that this Court construe the dismissal of his first petition as if it had been a stay of his exhausted claims so

8

as to allow him to return to state court to exhaust his unexhausted claims.

However, the effect of the District Court opinion as modified by the Court of Appeals was to dismiss on the merits the only two claims that were raised on the merits in the petition before the District Court. Villante's petition was not dismissed as a mixed petition. First of all, the Court of Appeals declined to issue a certificate of appealability to address the District Court's dismissal on the merits of the sufficiency claim. Secondly, the Court of Appeals denied the double jeopardy claim on the merits, holding that it had been technically exhausted but procedurally barred and that Villante had not established good cause for the procedural default. See Gray v. Netherland, 518 U.S. 152, 161-62 (1996) (holding that a claim that has been technically exhausted but procedurally barred cannot be reviewed by a federal habeas court, absent a showing of good cause for the default and prejudice resulting therefrom, or a fundamental miscarriage of justice); see also Reyes v. Keane, 118 F.3d 136, 140 (2d Cir. 1997). In particular, the Court of Appeals held that Villante could not argue that the ineffective assistance of his counsel was his reason for default because he had not presented that argument to the state courts in the first instance. See Murray v. Carrier, 477 U.S. 478, 488-89 (1986) ("[T]he exhaustion doctrine . . . generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default."); see also Richter v. Artuz, 77 F. Supp. 2d 385, 395 (S.D.N.Y. 1999) (where a claim of ineffective assistance of counsel "has never been presented to the state courts . . . [it] cannot serve as cause for the procedural default" such that habeas claim is procedurally barred). Accordingly, Villante's petition was dismissed on the merits. See Carter v. United States, 150 F.3d 202, 205-06 (2d Cir. 1998) (per curiam) ("[A] denial on grounds of procedural

default constitutes a disposition on the merits . . . .")

Villante never raised ineffective assistance of counsel, the only unexhausted issue, as a ground for habeas relief in his first petition before the District Court. It was raised for the first time on direct appeal, and then it was raised solely to establish cause for Villante's procedural default on the double jeopardy claim, not as independent grounds for habeas relief. Thus, although the Court of Appeals indicated that Villante had not exhausted his ineffective assistance of counsel argument, it did so solely in the context of determining whether Villante had good cause to explain his procedural default on the technically exhausted double jeopardy claim.

In sum, because Villante did not present any unexhausted claims in his habeas petition, the Court of Appeals denied his petition on the merits. Accordingly, this is not an instance in which the Court should treat Villante's petition as if it had been stayed pending exhaustion of unexhausted claims. Because the instant petition for habeas corpus is not a continuation of Villante's first petition for habeas corpus, the earliest date of filing is May 29, 2002. Thus, the petition is untimely under the AEDPA one-year statute of limitations and must be dismissed.

## CONCLUSION

For the foregoing reasons, Villante's petition for a writ of habeas corpus is denied. Further, a certificate of appealability will not be issued because Villante has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). The Clerk of the Court is instructed enter judgment in accordance with this Order and to close the case.

SO ORDERED.

Dated: Brooklyn, New York          Carol Bagley Amon
      February 28, 2007          United States District Judge